UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE ALBERTO TOVILLA LOPEZ,

       Petitioner,

   v.

                         Case No. 2:26-cv-1026-KCD-DNF

SECRETARY MARKWAYNE
MULLINS, TODD BLANCHE,
WARDEN FLORIDA SOFT SIDE
DETENTION CENTER,

       Respondents,

                                 /

## ORDER

Petitioner Jose Alberto Tovilla Lopez is a non-citizen currently detained by immigration authorities. He has filed a habeas corpus petition seeking, among other relief, his immediate release. (Doc. 1.)[1] Since filing the petition, immigration authorities transferred him out of this district—first to California, and then to Louisiana. (*See* Doc. 5.) Concerned that this sudden move might torpedo his pending case, Lopez filed an emergency motion asking this Court to order the Government to bring him back. He argues that his transfer violates Rule 23 and was designed to evade this Court's jurisdiction. (*Id.* at 1-2.) For the reasons below, the motion is **DENIED**.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Lopez grounds his motion in "Rule 23 under Title IV," arguing that it prevents his transfer without this Court's prior permission. (*Id.* at 1.) But he skips a rather important step: he never identifies *which* body of rules he is actually invoking. Indeed, the motion gives no clue where Rule 23 resides.

As best the Court can tell from the text quoted, Lopez is referencing Rule 23(a) of the Federal Rules of Appellate Procedure. That poses an immediate problem. By its own terms, and as its placement in the appellate rules suggests, Rule 23(a) governs the transfer of a prisoner "[p]ending review of a decision in a habeas corpus proceeding." Fed. R. App. P. 23(a). We are at the trial level, and no "decision" is under "review." This Court has merely ordered the Government to respond to the initial petition. Lopez provides no legal authority—and the Court is aware of none—that would allow a district court to apply a rule of appellate procedure to constrain the Government's authority at this initial stage of the litigation.

In any event, Lopez's underlying fear—that his transfer to another circuit will divest this Court of jurisdiction—is legally unfounded. "[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian." *Villa v. Normand*, No. 5:25-CV-89, 2025 WL 3113200, at *4 (S.D. Ga. Oct. 16, 2025). "[W]hen the Government moves a habeas petitioner after she properly files a petition

2

naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004). When Lopez filed his petition, he was detained in this district, and he correctly named his immediate custodian. That is all it takes. The Government cannot sever this Court's jurisdiction simply by putting Lopez on a bus or a plane. Should the Court ultimately find that his detention is unlawful, the Government respondents who remain within this Court's reach will be bound by that order, regardless of where Lopez happens to be sleeping that night.

Because the Court retains full jurisdiction to adjudicate the underlying petition, and because Lopez has provided no authority demonstrating that Rule 23 prohibits transfers at this procedural stage, the Court denies the requested relief.

**ORDERED** in Fort Myers, Florida on April 21, 2026.

Kyle C. Dudek
United States District Judge

3